**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lisa Martin,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civ. File No. 00-753 (MJD/JGL)

Clear Channel Television, Inc., d/b/a WFTC Fox 29

Defendant.

James H. Kaster, Nicholas G.B. May, Nichols, Kaster & Anderson, on behalf of Plaintiff.

Marko J. Mrkonich, Chad W. Strathman, Littler Mendelson, P.C., on behalf of the Defendant.

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's motion for partial summary judgment on the issue of liability. Plaintiff filed this suit in Minnesota State District Court, alleging breach of contract and a violation of Minnesota employment law. Defendants removed the case to this Court on the basis of diversity jurisdiction. Because material issues of fact remain, the Court will deny both motions.

## Background

Plaintiff Lisa Martin worked for Defendant Clear Channel Television ("CCT") as a commissioned account executive from August 18th, 1997, until she



FILED JUL 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

resigned, for health reasons, on April 18th, 1998. In her position, Martin was responsible for the solicitation, sale, servicing, and collection of accounts for television commercials. Before working at CCT, Martin had worked in the advertising business for over twenty years, for four of the top ten advertising agencies in the world.

Prior to her hiring, Martin negotiated with CCT executives at a lunch meeting to receive a 5.5% commission on all advertising she sold, a guaranteed salary of $6,000 per month for the first three months of employment, and an $1,800 draw against her commissions thereafter. She was also promised an "account list"- a list of existing customers, from which she would receive commissions, as well as three weeks paid vacation. Before beginning her employment, Martin attended an orientation session with business manager Carol Mauder and local sales manager Trey Fabacher, at which she signed an employment agreement, document number CCC-39 ("Agreement").

The relevant portion of the two-page, seven paragraph Agreement provides for Martin to receive "commission[s] on collections through the last day of employment," and states that "[Martin] shall not be entitled to any [commission] payments for calendar months' billing following the month of termination nor collections following the day of last employment."

Martin asserts that she was handed the Agreement in a pile of other documents which she was required to sign. Contrary to her usual practice, she did not read the document before signing it. The document is not signed by anyone other than Martin, although a signature block for CCT was provided. She

states that while the usual orientation session takes several hours, hers took only thirty minutes, because Fabacher had another appointment. In deposition testimony, however, she stated that the meeting was not rushed, and that she did not ask for time to read the document. Martin Dep. at 44.

Before Martin began working, Fabacher wrote two internal memos to his staff members memorializing the specific terms of employment negotiated by Martin, such as guaranteed draw, additional vacation time and the waiver of a non-compete clause.

At the time of her resignation, Martin asserts, she had approximately $590,000 of advertisements that had aired on CCT's WFTC Fox 29 Television station for which she had not received her 5.5% commission. She says she also had booked approximately $340,000 in additional advertising that would air in the months following her resignation. Upon her departure, the General Sales Manager at WFTC Fox 29, Randa Minkarah, told Martin she was not entitled to receive commissions for these advertisements because she had signed the Agreement.

Martin filed this suit alleging breach of contract and violation of Minn. Stat. §181.14, subd1, which governs the payment of commissions to commissioned sales people. CCT filed this motion for summary judgment, with Martin filing a cross motion for partial summary judgment on the issue of liability.

## Standard

Summary judgment as a matter of law is appropriate when no genuine issue of material fact exists in the record. Fed. R. Civ. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). A fact is material if resolving disputes concerning that fact affects the outcome of the case. Anderson, 477 U.S. at 248. A dispute is genuine if, based on the evidence, a reasonable jury could return a verdict for either party. Id. at 252. On a motion for summary judgment, the Court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 250. The moving party carries the burden to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(b); Celotex, 477 U.S. at 323.

## Analysis

a) Breach of Contract Claim

The parties disagree about which contract controls the terms of Plaintiff's employment, the oral agreement negotiated prior to Martin's orientation session, or the written document CCC-39 which she signed at the orientation session, or a combination of the two. After a careful consideration of the proceedings, documents, pleadings and submissions before it, the Court has determined that issues of material fact exist which preclude an award of summary judgment on this issue.

b) Minnesota Statute § 181.14

Minnesota Statute §181.14, which governs employment of "commissioned" employees, reads in relevant part:

> When any such employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns shall be paid in full not later than the first regularly scheduled payday following the employee's final day

of employment.... Minn. Stat. §181.14, subd1.

The statute also provides a penalty if the amount due is not paid upon demand by the employee. The statute does not define when a commission is considered to be "earned."

In the absence of the statutory definition of when a commission is "earned," a trial court may consider the policy as it existed between the instant parties. See Holman v. CPT Corp., 457 N.W.2d 740, 742 (Minn. Ct. App. 1990). The Court finds that issues of material fact remain which preclude an award of summary judgment on this claim.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment is DENIED;

2. Plaintiff's Motion for Partial Summary Judgment is DENIED.

Dated: July 16, 2001.

Michael J. Davis
Michael J. Davis
United States District Court Judge

Martin v. Clear Channel Television, Inc.
Civil File No. 00-753 (MJD/JGL)

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500